UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ray Swanson, as parent and natural guardian of T.S., a minor,

                Plaintiff,

v.

Ka Yang, KeHeung Anderson, Jon Edwards, and Sara Metcalf, acting in their individual capacities as Minneapolis Police officers,

                Defendants.

Case No. 12-cv-1418 PAM/TNL

**COMPLAINT**

Jury Trial Demanded Under Fed. R. Civ. P. 38(b)

---

For his Complaint, Ray Swanson, as the parent and natural guardian of Theodore H. Swanson, states and alleges as follows:

1. This is an action for money damages for injuries sustained by T.S., a minor, for the violation of his constitutional rights by on-duty Minneapolis police officers Ka Yang, KeHeung Anderson, Jon Edwards and Sara Metcalf who violated Swanson's well-settled federal civil rights while acting under the color of state law.

2. Ray Swanson ("Plaintiff") is the parent and natural guardian of T.S. Plaintiff is, and was at all times material hereto, a citizen of the United States and a resident of the County of Hennepin, State of Minnesota.

3. Upon information and belief, Defendants Yang, Anderson, Edwards and Metcalf were at all times material herein citizens of the United States, residents of the State of Minnesota, and duly appointed and acting officers of the Minneapolis Police Department.

SCANNED
JUN 1 4 2012
U.S. DISTRICT COURT MPLS

4. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

5. At the time of the incident, T.S. resided with Plaintiff at 3334 40th Avenue South in Minneapolis, Minnesota, County of Hennepin.

6. On April 29, 2011, at approximately 1:52 a.m. T.S., then sixteen years old and a sophomore at the charter school El Colegio in Minneapolis, was walking northbound on Nicollet Avenue South between 38th Street East and 37th Street East with his friend, A.T., also a minor.

7. Officers Peterson and Novak were working in a marked Minneapolis police squad traveling northbound on Nicollet Avenue South when they noticed T.S. and A.T. walking on the east sidewalk and began following them.

8. Officers Peterson and Novak claim the minors, T.S. and A.T., appeared to be between the ages of 18 and 22 years old, whose presence they noticed around the same time the officers perceived the scent of marijuana in the area.

9. T.S. and A.T. had done nothing to draw the attention of the Officers except to be walking in downtown Minneapolis in the early morning hours of April 29, 2011.

10. After following the minors, Officers Peterson and Novak activated their squad's emergency lights. T.S. and A.T. fled in response.

11. Officers Peterson and Novak called for assistance.

12. Multiple Minneapolis Police officers responded and set up a perimeter in the area. In total, approximately seven officers responded to this incident.

13. Defendants Anderson and Yang were among those who responded to assist Officers Peterson and Novak. Upon arriving to the area, Defendants Anderson and Yang observed T.S. running eastbound.

14. Defendant Anderson got out of his squad and gave chase on foot, brandishing his firearm.

15. Upon information and believe, Officer Novak was also giving chase on foot at this time.

16. T.S. ran towards the alley between Stevens Avenue South and 1st Avenue South, but Defendant Anderson quickly gained on him.

17. When T.S. realized multiple Minneapolis Police officers were in the area, he stopped running, stood with his palms out and complied.

18. Even so, Defendant Anderson approached T.S. and kicked his feet out from underneath him, causing T.S. to fall to the ground.

19. Defendant Anderson then kicked T.S. in the face, which resulted in facial lacerations.

20. Defendant Anderson also jumped on T.S.'s back and delivered multiple elbow strikes to T.S.'s scapula.

21. Meanwhile, Defendant Yang had exited his squad and entered the alley, with his flashlight drawn. Defendant Yang approached T.S. and Defendant Anderson, who had T.S. in a prone position on the ground, and, admittedly, used his flashlight to hit T.S. in the leg and shoulder area numerous times.

22. Shortly thereafter, Defendant Edwards entered the alley and forcefully held T.S. down.

23. Upon information and belief, Defendant Metcalf also entered the alley around the same time as Defendant Edwards. Defendant Metcalf admittedly grabbed T.S.'s arm and forcefully pulled it outward and behind his back.

24. Furthermore, upon information and belief, one of the Defendants stood on T.S.'s arm while his hands were behind his back.

25. At least seven Minneapolis police officers responded to set up a perimeter and help apprehend two minors who had violated curfew.

26. Throughout the incident, the named Defendants used excessive force against sixteen-year-old T.S., who weighted approximately 175 pounds on April 29, 2011 and posed no immediate threat to the safety of any officers or any individuals in the area.

27. T.S. was not in possession of any weapon on April 29, 2011.

28. T.S. did run from the officers, but eventually stopped, put his hands up and complied.

29. T.S. did not resist or struggle with any of the Defendants or other officers after he stopped running.

30. No weapons or illegal substances were found during the canine officer's search of the area.

31. T.S. was ultimately cited for fleeing officers on foot, obstruction of legal process and a curfew violation. However, all charges against T.S. were dismissed.

32. The use of force described above resulted in visually obvious injuries to T.S.'s face. Defendant Edwards took digital photographs of T.S.'s face to document his injuries.



33. T.S. he was placed in the back of a Minneapolis Police Department squad, where he waited for approximately thirty minutes.

34. Defendant Edwards called an ambulance, which transported T.S. to Hennepin County Medical Center ("HCMC") in Minneapolis.

35. At HCMC, T.S. presented with a closed head injury, facial trauma, facial lacerations, contusions, abrasions and other evidence of assault.

36. Dr. Christine Worrall of HCMC repaired T.S.'s lacerations, which necessitated three sutures.

37. Dr. Worrall also took "assault photos" of Swanson's wounds, as she was very concerned with his injuries and the manner in which they were inflicted.

38. The HCMC medical records denote the mechanism of T.S.'s injury was assault with a blunt object and other means.

39. Defendants Anderson, Yang, Edwards and Metcalf violated T.S.'s Fourth Amendment right to be free from excessive force by kicking him to the ground, stepping on him, holding him down, kicking him in the face, striking him with their elbows and flashlight, forcefully

pulling on his arms and permitting each other to use such force in a situation where none was needed.

40. These Defendants used such force despite the fact that T.S., a minor weighing approximate 175 pounds, having no weapon on his person, had stopped running from the officers, did not fight back, did not further resist and complied.

41. By the actions described above, Defendants Anderson, Yang, Edwards and Metcalf, under the color of state law, violated and deprived T.S. of his clearly established and well-settled rights to be free from excessive force.

42. The Defendants subjected T.S. to this deprivation of rights either maliciously or acting with reckless disregard for his rights.

43. As a direct and proximate result of the acts and omissions of Defendants Anderson, Yang, Edwards and Metcalf, T.S. suffered injuries, was forced to endure pain and mental suffering and was thereby damages in an amount yet to be determined, but believed to be well in excess of $50,000.00 dollars.

44. Punitive damages are available against Defendants Anderson, Yang, Edwards and Metcalf, and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

45. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A money judgment against Defendants Anderson, Yang, Edwards and Metcalf, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,00.00) and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

2. For such other relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL & SCHUPP

Dated: 6/14/12

*(signature: Robert Bennett)*

Robert Bennett, #6713
Kathryn H. Bennett, #0392087
333 South Seventh Street
Minneapolis, MN 55402
(612) 333-9542
rbennett@gaskinsbennett.com
kbennett@gaskinsbennett.com
*Attorneys for Plaintiff*